IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRYFINA ROBERTSON,                    §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §        Civil Action No. 3:25-CV-2074-N
                                      §
QT SOUTH, LLC,                        §
                                      §
        Defendant.                    §

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant QT South, LLC's ("QT") motion for summary judgment [17]. For the reasons below, the Court grants the motion.

## I. ORIGINS OF THE DISPUTE

This case arises out of a slip-and-fall incident that occurred in the restroom of a QT gas station in Dallas, Texas. Plaintiff Tryfina Robertson was walking to the women's restroom when she slipped on liquid on the floor. Def.'s Mot. Br. 2. The slip caused Robertson to fall, injuring herself. Pl.'s Resp. 4 [21]. Robertson states that an "employee of QT informed [her] that the floor had just been mopped." *Id*. Additionally, she admits the "bathroom was closed for cleaning, with a tape across the entry." Def.'s Br. at 5.

Robertson filed this lawsuit against QT in the 298th Judicial District Court in Dallas County, Texas, alleging premises liability and negligence. QT removed the case to this Court on the basis of diversity jurisdiction. QT now moves for summary judgment on all claims.

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs.*

MEMORANDUM OPINION AND ORDER – PAGE 2

*Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).   Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts."  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III.    THE COURT GRANTS SUMMARY JUDGMENT ON ROBERTSON'S PREMISES LIABILITY CLAIM

The Court finds that QT has adequately shown that there is no dispute of material fact as to whether the liquid hazard was open and obvious.  Accordingly, QT is entitled to summary judgment on Robertson's premises liability claim.

Under Texas law, a landowner has a general duty towards invitees to either make safe or warn against dangerous conditions on the premises.  *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015).  This duty stems from the idea that the landowner is "typically in a better position than the invitee to be aware of hidden hazards on the premises."  *Id.*  However, where a dangerous condition is open and obvious, the landowner is not in a better position to discover it, and thus owes no duty to invitees.  *Id.*  Whether a condition is open and obvious is a question of law and is determined under an objective test.  *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021).  This inquiry is "not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances" about the dangerous condition.  *Id.*

MEMORANDUM OPINION AND ORDER – PAGE 3

A condition is open and obvious when the evidence "conclusively establishes" that, under a totality of the circumstances, a reasonably prudent invitee would have knowledge and a full appreciation of the nature and extent of the danger. *Id*. at 788–89. Further, "Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition." *Wal-Mart Stores, Inc. v. Sparkman*, 2014 WL 6997166, at *3 (Tex. App. – Fort Worth 2014, pet. denied) (mem. op.) (collecting cases); *see also Rosas v. Buddies Food Store*, 518 S.W.2d 534, 538 (Tex. 1975) (holding that a wet floor on a rainy day just inside the grocery store's entrance was not an open and obvious condition). When a reasonable prudent invitee has knowledge of a liquid on the floor, the "danger associated with water on a floor is commonly known and obvious to anyone." *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 313 (Tex. App. – Houston [1st Dist.] 2007, no pet.).

Upon evaluation of the record, the Court holds that QT has met its summary judgment burden to show a lack of genuine dispute as to whether the liquid on the floor was an open and obvious hazard. At the time of the incident, Robertson was attempting to use the bathroom. Pl.'s Resp. at 4. She observed the tape blocking the bathroom entrance, acknowledged the QT employee's warning, and entered the restroom where she proceeded to slip. *Id*.; Def.'s Br. at 5. Thus, even before entering the bathroom, Robertson had knowledge that the floor was wet. *Id*. at 6–7. These facts tend to show there is no genuine issue for trial.

Based on the summary judgment record, the Court concludes that QT has shown the absence of a genuine dispute of material fact as to whether the liquid on the floor was an open and obvious hazard. Accordingly, summary judgment is appropriate.

MEMORANDUM OPINION AND ORDER – PAGE 4

#### IV.   THE COURT GRANTS SUMMARY JUDGMENT
#### ON ROBERTSON'S NEGLIGENCE CLAIM

QT next moves for summary judgment on Robertson's negligence claim.  Because the Court  finds that there was no contemporaneous activity that caused the accident, the Court grants summary judgment on Oliver's negligence claim.

"Under the general umbrella of negligence, there are distinct species of claims . . . ." *Odom v. Kroger Tex., L.P.*, 2014 WL 585329, at *3 (N.D. Tex. 2014).  Negligent action and premises liability are two distinct claims under Texas law. *Allen v. Wal-Mart Stores Tex., LLC*, 2015 WL 1955060, at *5 (S.D. Tex. 2015).  "Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe."  *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (alteration omitted) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)); *see also Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."); *Barron v. United States*, 111 F.4th 667, 672 (5th Cir. 2024) (affirming grant of summary judgment where the plaintiff's "claim in this case sounds in premises liability and not negligence.").

Here, Robertson slipped in a liquid substance on the floor.  While cleaning or some other type of activity may have caused the liquid to be present on the floor, Robertson's injuries do not stem from that activity but instead result from the hazardous condition of

MEMORANDUM OPINION AND ORDER – PAGE 5

the wet floor. Indeed, Robertson admits in her response that "even when a plaintiff expressly alleges negligence courts have held the claim sounds in premises liability if the plaintiff's alleged injury arises from a condition of the premises." Pl.'s Resp. 5 (internal citation omitted). Accordingly, the Court grants summary judgment in favor of QT on Robertson's negligence claim.

### CONCLUSION

Because no genuine issues of material fact exist as to whether the hazard that caused Robertson injury was open and obvious, and because her negligence claim is barred as a matter of law, the Court grants summary judgment on Robertson's premises liability and negligence claims.

Signed May 19, 2026.

_____
David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 6